FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 OCT 27 P 3 54

CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FREDERICK GIBBONS,

    Plaintiff,

v.

WILLIAM McBRIDE, et al.,

    Defendants.

CV 114-056

## ORDER

In this action, Plaintiff Frederick Gibbons asserts claims against the Board of Regents of the University System of Georgia and seven named officers of the Georgia Regents University Police Department, among others unnamed, for deprivation of his First, Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights, as well as violations of 42 U.S.C. § 1981 and various state laws when Officer Wesley Martin tased him five times during a traffic stop for an alleged tag violation. In lieu of answering Mr. Gibbons' 31-page, 272-paragraph complaint, Defendants moved for a more definite statement, or in the alternative for partial dismissal on multiple grounds, including sovereign immunity, expiration of the statute of limitations, failure to comply with the procedural requirements of the Georgia Tort Claims Act ("GTCA"), and failure to state a claim upon which the Court can grant relief. (Doc. 12.) Shortly thereafter, Defendants sought, and the United States Magistrate Judge granted, a stay of discovery pending resolution of

1

Defendants' dispositive motion. (Docs. 12, 27.) Although Mr. Gibbons' counsel filed a notice of intent to reply to Defendants' stay request on July 11, 2014, objected on July 14, 2014 to the referral of the motion to the Magistrate Judge, and stated that he intended to move for expedited discovery, he in fact did none of these things. (Docs. 15, 16.) Now Mr. Gibbons has filed a formal objection to the Magistrate Judge's order granting the stay. (Doc. 34.) Additionally, Mr. Gibbons filed a preemptive Motion for Leave to Amend (Doc. 36) in the event the Court grants Defendants' alternative Partial Motion to Dismiss, as well as a Motion for Hearing on all the aforementioned pending matters.[1] (Docs. 36, 37.) As the merits of Mr. Gibbons' objection to the stay are intimately related to the deficiencies Defendants identify in the complaint, the Court will address both in turn.

## I. Mr. Gibbons' Objection to the Magistrate Judge's Order Granting Stay of Discovery

A district court may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

---

[1] Mr. Gibbons also seeks an audience before the Court to discuss his Motion to Address Conflict of Interest (Doc. 23). The Court addresses that motion in a separate Order. See Dkt.

definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted).

The law on staying discovery pending resolution of a dispositive motion in this Circuit is clear. Chudasama v. Mazda Motor Corp. set forth:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

123 F.3d 1353, 1363 (11th Cir. 1997) (internal citations omitted). The district courts have since clarified that the Chudasama rule is not *per se*, but rather stands for the narrower proposition that courts should not delay ruling on a *likely meritorious* motion to dismiss while undue discovery costs mount. See, e.g., Schreiber v. Kite King's Lake, LLC, No. 10-391, 2010 WL 3909717, at *1 (M.D. Fla. Oct. 1, 2010); Gannon v. Flood, No. 08-60059, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008); Koock v. Sugar & Felsenthal, LLP, No. 09-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). The flipside to this principle, of course, is that insofar as a defendant's motion to dismiss raises *factual* issues, the plaintiff *should* have an opportunity to develop and argue the facts in a

manner that is adequate in the context of the disputed issues and evidence. Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir. 1981).[2]

From a "preliminary peek" at the merits, the Board of Regents and the individual defendants have raised either legitimate issues of sovereign immunity or identified fatal procedural defects as to all claims asserted against them, except to the extent that Mr. Gibbons seeks damages against Officer Martin in his individual capacity only for Fourth Amendment violations arising under theories of false arrest, felony obstruction, excessive force, and malicious prosecution. (See Defs.' Br., Doc. 12-1, at 9 n.11.) The Magistrate Judge thus determined that resolution of the pending partial motion to dismiss may be truly case dispositive, extinguishing nearly all of the claims against each defendant and thereby substantially limiting the scope of discovery. (Doc. 27.) White v. Georgia, No. 1:07-CV-01739-WSD, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007). In the interest of efficient discovery, and in the interest of protecting sovereign entities from the burdens of discovery which may be unnecessary, the Court agrees that a stay is appropriate. Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.") (citing

---

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

4

Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). This is especially so since Mr. Gibbons did not file a brief in opposition to the motion for stay. Indeed, the Magistrate Judge could have deemed it unopposed. See LR 7.5, SDGa. The Magistrate Judge, therefore, did not commit clear error in granting Defendants' motion to stay, and Mr. Gibbons' objection to that Order is hereby **OVERRULED**.

## II. Defendants' Motion for a More Definite Statement, or in the Alternative, Partial Motion to Dismiss

The Court notes, in any case, that to consider Defendants' partial motion to dismiss with respect to the stay puts the cart before the horse. Although Defendants argue numerous *legal* grounds upon which Mr. Gibbons' claims may ultimately fail, in the first place they merely requested that Mr. Gibbons be required to re-plead.

Federal Rule of Civil Procedure 8 requires that pleadings contain "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). A plaintiff is not required to provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, [or] a formulaic recitation of the elements." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The plaintiff is required to plead "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."
Id. at 570.

Here, Mr. Gibbons' 31-page, 272-paragraph complaint is neither "short" nor "plain," but rather a "shotgun" pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. Thompson v. RelationServe Media, Inc., 610 F.3d 628, 650 n.22 (11th Cir. 2010). This Court also notes that it has warned Mr. Gibbons' counsel repeatedly against continuing this practice,[3] which is a disservice to his client and greatly complicates the Court's and the parties' tasks. In instances such as this, the Eleventh Circuit does not require the district court, or the defendants, to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 (11th Cir. 2002) (citations omitted).

Defendants identify a laundry list of pleading deficiencies from which they seek relief:

(1) Each of the thirteen counts fully incorporates every paragraph that has preceded it, and some counts in fact double incorporate the preceding facts and other claims (Compl., Doc. 1, ¶¶ 131, 162, 173, 186, 198, 216, 223, 230, 241, 250, 254, 256, 257, 262, 263);

(2) Mr. Gibbons often refers to Defendants collectively, and certain individual defendants are referenced only in the paragraphs purporting to set forth the underlying facts (Def.'s Br. at 5-7 (emphasizing deficiencies as to Defendants Jackson, Skinner, and John/Jane Does));

---

[3] See, e.g., Smith v. Augusta-Richmond County, No. 1:10-cv-00126, Docs. 33, 51; see also Allen v. City of Grovetown, No. 1:10-CV-00022, Doc. 21.

(3) Mr. Gibbons does not consistently designate the constitutional or statutory source of his claims, or if designated, he does not clarify which defendants are named under that claim (Id. at 5 & n.5);

(4) Mr. Gibbons intermingles prima facie elements of one claim with those of a claim purported to be separately identified (Id. at 5 & n.7); and

(5) Mr. Gibbons fails to delineate with clarity the specific allegations being made against a specific defendant such that no connection can be made between the factual predicates and substantive counts for which each defendant is liable (Id. at 3).

These concerns, among others that Defendants present, are meritorious. Although Mr. Gibbons thoroughly narrates the facts of this case, he also interjects vague and conclusory allegations of "obvious" wrongdoing, and for the most part fails to specify the conduct in which each defendant engaged to support each cause of action. Within any one count, for instance, he inexplicably lumps multiple constitutional claims together (e.g., Count I, ¶ 132); pleads an alternative to the alternative (e.g., Count II, ¶¶ 162-65); or cites only a statute with two paragraphs incorporating nearly every other paragraph in the complaint (e.g., Count XI, ¶¶ 254-56). A complaint justifiably may be dismissed on these grounds. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Nevertheless, Defendants have moved for a more definite statement rather than outright dismissal. A party may do so "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

7

responsive pleading." FED. R. CIV. P. 12(e). "The motion must . . . point out the defects complained of and the details desired." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 984 n.70 (11th Cir. 2008) (quoting FED. R. CIV. P. 12(e)). "Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996); FED. R. CIV. P. 10(b). Aware of Mr. Gibbons' counsel's entrenched and recycled arguments about pleading standards that he finds "far beyond reasonable" and his hurled accusations that Defendants are demanding he plead his claims with particularity usually reserved for fraud (Doc. 26 at 2, 5), the Court reiterates that Mr. Gibbons is not required to set forth "an intricately detailed description of the asserted basis for relief." Baldwin Cnty. Welcome Ctr. V. Brown, 466 U.S. 147, 150 n.3 (1984)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled in part by Twombly, 550 U.S. 544 (2007)). His pleadings must, however, "give [each] defendant fair notice." Id.

Therefore, Mr. Gibbons is hereby **ORDERED** to restate his complaint so as to set forth a short and plain statement of each claim showing that he is entitled to relief. See FED. R. CIV. P. 8(a). Within each count, he must clearly specify: (1) one source

8

of law and/or one legal theory upon which he asserts liability; (2) each defendant against whom he asserts liability on that theory; and (3) the factual allegations that form the basis of each claim against each defendant. "If the Court orders a more definite statement and the order is not obeyed . . . within the time the court sets, the Court may strike the pleading or issue any other appropriate order." Davis, 516 F.3d at 984 n.70.

Finally, the Court notes that the majority of Mr. Gibbons' objections to the stay and Defendants' instant motion focus on the supervisory liability or "failure to train" claims he presumably pursues under 42 U.S.C. § 1983. The Court expresses no opinion on the merits of these claims, but understands Mr. Gibbons' frustration with the "informational asymmetry" attendant in proving such claims and his eagerness to begin discovery. The Eleventh Circuit has recognized repeatedly, however, that "discovery follows a *well pleaded complaint* — not the other way around." Carter v. DeKalb Cnty., Ga., 521 F. App'x 725, 729 (11th Cir. 2013) (emphasis added). We do not have a well pleaded complaint before us at this time. Thus, to the extent Mr. Gibbons faithfully complies with this Order and cures the deficiencies in his complaint, the Court may reconsider or modify the stay to permit limited discovery until it resolves any subsequent dispositive motions filed by Defendants, if any.

### III. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection to the Magistrate Judge's Order Granting Stay of Discovery. (Doc. 34.) Further, the Court **GRANTS** Defendants' Motion for a More Definite Statement, and **DENIES AS MOOT** Defendants' Alternative Partial Motion to Dismiss. (Doc. 12.) Plaintiff's Motion for Leave to Amend is therefore also **DENIED AS MOOT**. (Doc. 36.)

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file his **FIRST AMENDED COMPLAINT** in accordance with the terms of this Order as a stand-alone entry on the docket. Defendants then shall have **TWENTY-ONE (21) DAYS** to renew their motion to dismiss or otherwise respond to Plaintiff's First Amended Complaint.

As the Court now has disposed of all motions about which Plaintiff seeks a hearing, his Motion for Hearing is **DENIED**. (Doc. 37.)

**ORDER ENTERED** at Augusta, Georgia, this 27th day of October, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA