IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FREDERICK GIBBONS,

  Plaintiff,

v.          CV 114-056

WILLIAM McBRIDE, et al.,

  Defendants.

# O R D E R

In this action, Plaintiff Frederick Gibbons asserts claims against the Board of Regents of the University System of Georgia and seven named officers of the Georgia Regents University ("GRU") Police Department, among others unnamed, for deprivation of his First, Fourth, Fifth, Thirteenth and Fourteenth Amendment rights, as well as violations of 42 U.S.C. § 1981 and various state laws stemming from a traffic stop for an alleged tag violation during which Officer Wesley Martin tased Mr. Gibbons multiple times. On August 20, 2014, Mr. Gibbons filed a "Motion to Address Conflict of Interests" (Doc. 23) in which he states that "Defendants should either have different attorneys or should waive their rights to assert their individual and contrary defenses on the record." (Pl.'s Br., Doc. 23-1, at 6.) Mr. Gibbons also seeks a hearing on this matter. (Doc. 37.) As the Court finds Mr. Gibbons'

1

disqualification motion to be premature, it is hereby **DENIED**, and his Motion for Hearing is **DENIED AS MOOT**. (Docs. 23, 37.)

## DISCUSSION

### I. Proper Construction of the Motion

As a threshold matter, the Court notes that Mr. Gibbons' counsel did not style the instant filing as a motion for disqualification, but rather as an "inquiry" of sorts that appears to call for the Court to act *sua sponte*. (Doc. 39.) "The import of this debate is not semantics," but rather the assignment of burdens. United States v. Rasco, No. CR 408-100, 2009 WL 2341435, at *2 (S.D. Ga. July 29, 2009). The Court finds Mr. Gibbons' motion is neither paternalistic nor filed for the purpose of merely alerting the Court to its own "vulnerab[ility] to reversal." (Pl.'s Br. at 1, 6.) Rather, Mr. Gibbons filed the motion for his own benefit, asking the Court to (1) disqualify opposing counsel on account of alleged violations of the conflict of interest rules, or (2) require the individual defendants in this case to waive substantive defenses even before the Court has ruled upon any dispositive motions. This Court, therefore, construes Mr. Gibbons' motion as a motion to disqualify opposing counsel, placing the burden of showing an unwaivable, materially adverse conflict on him. In re BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003); Duvall v. Bledsoe, 617 S.E.2d 601, 604 (Ga. Ct. App. 2005).

2

## II. Analysis of the Motion to Disqualify

"Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." Herrmann v. GutterGuard, Inc., 199 F. App'x 745, 752, 756 (11th Cir. 2006) (quoting In re BellSouth, 334 F.3d at 961). Indeed, motions to disqualify opposing counsel generally are disfavored. Keohane v. Keene, No. 1:06-CV-0034-RWS, 2006 WL 1275056, at *1 (N.D. Ga. May 8, 2006) (listing cases). This disinclination to disqualify an attorney arises out of awareness that "motions to disqualify are often tactically motivated, deprive a litigant of his right to freely choose his counsel, cause needless delay, and are otherwise disruptive to the litigation process." Id.; accord Adkins v. Hosp. Auth. of Houston Cnty., No. 5:04-CV-80 (CAR), 2009 WL 3428788, at *6 (M.D. Ga. Oct. 20, 2009); see also GA. RULES OF PROF'L CONDUCT ("GA. RPC") R. 1.7, cmt. 15. In short, a disqualification order is a "harsh sanction, often working substantial hardship on the client" and should therefore "be resorted to sparingly." Norton v. Tallahassee Mem'l Hosp., 689 F.2d 938, 941 n.4 (11th Cir. 1982).

The Local Rules of the United States District Court for the Southern District of Georgia require attorneys appearing before it to comply with the court's specific rules of practice, the State Bar of Georgia's Rules of Professional Conduct ("Georgia Rules") and the American Bar Association's Model Rules of Professional Conduct. L.R. 83.5(d), SDGa. Under the Georgia Rules, the

3

simultaneous representation of parties whose interests in litigation may conflict, such as co-defendants in a civil action, constitutes a "waivable" conflict. See GA. RPC 1.7(a) & (b), cmt. 7; U.S. ex rel. Friddle v. Taylor, Bean & Whitaker Mortg. Corp., No. 1:06-CV-3023-JEC, 2012 WL 1066510, at *8 (N.D. Ga. Mar. 27, 2012)(citation omitted). In such a situation, "a lawyer may represent a client notwithstanding a significant risk of material and adverse effect if each affected . . . client consents, preferably in writing, to the representation after: (1) consultation with the lawyer, (2) having received in writing reasonable and adequate information about the material risks of the representation, and (3) having been given the opportunity to consult with independent counsel." GA. RPC 1.7(b). The Supreme Court's holding in Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), which provided that *municipalities* can be held liable under Section 1983 for employees' actions taken pursuant to official policy, may have created the possibility for more serious conflicts between jointly represented co-defendants in Section 1983 suits, but it did not displace or alter the rule that some conflicts ultimately may be consented to or waived. See Lee v. Hutson, 600 F. Supp. 957, 959 (N.D. Ga. 1984); see also Dunton v. Cnty. of Suffolk, 729 F.2d 903, 907-08 (2d Cir. 1984) (discussing the possibility that the interests of the individual defendants and the municipality in a Section 1983 action will be adverse after Monell)(citing Van Ooteghem v. Gray, 628 F.2d 488, 495 n.7 (5th

Cir. 1980), aff'd in part, vacated in part on other grounds, 654 F.2d 304 (5th Cir. 1981)[1]). This is especially so in this case as *municipal* liability is not at issue, but rather the sovereign and its attendant wide-scoping immunities that will likely alter the conflict analysis to some extent as to some claims.

Moreover, consistent with those authorities that suggest disqualification motions are disfavored, the Georgia Rules provide that "[r]esolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation." GA. RPC 1.7 cmt. 15. Thus, prior to reaching any substantive issues, the Court must decide whether Mr. Gibbons' counsel has standing to bring the present motion. Bernocchi v. Forcucci, 614 S.E.2d 775, 779 (Ga. 2005). Only if the conflict is "such as clearly to call into question the fair and efficient administration of justice" may opposing counsel properly raise the question. GA. RPC 1.7 cmt. 15. "This requirement acts as a check on the filing of disruptive disqualification motions." U.S. ex rel. Friddle, 2012 WL 1066510, at *8.

Mr. Gibbons contends that because Defendants sought to dismiss the claims against the supervisory defendants but not those claims against Officer Martin in his individual capacity, counsel for Defendants "is reserving the most zealous advocacy for the supervisory [d]efendants, while pointing the finger at Martin and

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

implying that Martin was adequately trained." (Pl.'s Br. at 4.) He continues, "Martin would not admit that he was a rogue and out of control officer and could, and foreseeably will, take the position that he acted consistently with his training and supervision." (Id.)

Although the Court agrees that the *potential* for conflicting defenses as to the existence and/or effectiveness of training on taser usage and traffic stops for paper dealer tags is a legitimate possibility in this case, the Court has substantial doubts that the alleged conflict is "such as clearly to call into question the fair or efficient administration of justice" at this point in the litigation. The Court recently ordered Mr. Gibbons' to recast his "shotgun" complaint, in part because each defendant could not determine for which substantive counts and specific conduct he or she is alleged to be liable. (Doc. 38.) As such, we are not remotely close to trial or on the verge of the "middle of litigation," points when it likely would be a "tremendous hardship" on the court and all parties to retain separate counsel. See Shadid v. Jackson, 521 F. Supp. 87, 89 (E.D. Tex. 1981).

Moreover, Mr. Gibbons' counsel fails to acknowledge that Defendants actually moved to dismiss *all* claims against *all* defendants, save the Fourth Amendment claims asserted against Officer Martin. (Doc. 9 at 9 n.11.) The Court will not punish Defendants' counsel for the candidness it demonstrated in choosing not to make frivolous arguments in favor of dismissal of every

6

single claim in this case. It simply cannot be said, based solely upon conjectural arguments Officer Martin and the State *could* make as to liability or damages, that Defendants' counsel already has and will continue to leave Officer Martin out to dry in ignorance of its ethical duties. See In re Odum, Bankr. No. 07-72241, Adversary No. 07-9048, 2008 WL 7874259, at *2 (Bankr. N.D. Ga. May 28, 2008) (finding opposing party lacked standing to assert a conflict of interest because they did not provide factual evidence of a "palpable" violation of Rule 1.7, but instead offered only speculation about potential future conflicts); see also Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 145-46 (4th Cir. 1992) ("[D]isqualification of a litigant's chosen counsel for violation of an ethical canon . . . may not be rested on mere speculation that a chain of events whose occurrence theoretically could lead counsel to act counter to his client's interests might in fact occur," nor may it be imposed on "simple judicial intuition.") (citing Aetna Cas. & Sur. Co. v. U. S., 570 F.2d 1197, 1201-02 (4th Cir. 1978)). Indeed, the Attorney General, his Deputy, and his Senior Assistants assigned to this case benefit from the presumption that, as members of the State Bar, they have complied with the relevant ethical directory and disciplinary rules in the absence of contrary evidence. U.S. ex rel. Friddle, 2012 WL 1066510, at *8 (citing Gene Thompson Lumber Co., Inc. v. Davis v. Parmer Lumber Co., Inc., 377 S.E.2d 15, 17 (Ga. Ct. App. 1988)).

7

As Mr. Gibbons has proven no actual threat to the "fair and efficient administration of justice," the Court finds he presently does not have standing to challenge counsel's joint representation of Defendants. At the same time, counsel for Defendants has not made any representation to the Court that the individual defendants have given their informed consent to the simultaneous representation and, in fact, do not appear to deny that a potential conflict exists. (See Defs.' Resp., Doc. 28, at 4-6 (merely reiterating the argument presented in Defendants' Partial Motion to Dismiss (Doc. 12) that Mr. Gibbons has failed to state a claim for supervisory liability).)

Following the wise courses of former Chief Judge Julie E. Carnes and the late Judge Owen Forrester of the United States District Court for the Northern District of Georgia, this Court will take the "middle ground." See U.S. ex rel. Friddle, 2012 WL 1066510, at *10 (citing Lee v. Hutson, 600 F. Supp. at 959 (Forrester, J.)). The Court **DIRECTS** defense counsel to explain or to reiterate to each of the defendants the implications of the common representation, the advantages and risks involved, and their right to seek the advice of independent counsel. Defense counsel **SHALL** file a notice that it has complied with its obligations pursuant to Georgia Rule of Professional Conduct 1.7 with the Court by **FRIDAY, NOVEMBER 28, 2014.** If any client expresses a desire for separate counsel, defense counsel **SHALL** inform the Court in its

notice, and then a reasonable period of time can be allowed for the acclamation of new counsel, if the substitution is made promptly.

## CONCLUSION

For the above reasons, Plaintiff Frederick Gibbons' Motion to Address Conflict of Interest (Doc. 23) is **DENIED**, and his Motion for Hearing on this matter is **DENIED AS MOOT** (Doc. 37). Should the course of this litigation bear out as Mr. Gibbons believes, he may renew such motion **WITHOUT PREJUDICE** at the appropriate time. Counsel for Defendants **SHALL** confer with the individual defendants regarding joint representation and **SHALL** file a notice indicating its compliance with this Order and each defendants' decision, as explained above.

**ORDER ENTERED** at Augusta, Georgia this 27th day of October, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA